Law Office of Andrew P Rundquist
Andrew P Rundquist SBN 262523
501 W Broadway Suite A144
San Diego CA 92101
Tel. (619)992-9148
andrew@rundquistlaw.com

Attorney for Plaintiff Maria Velazquez,
Individually and On Behalf of All
Others Similarly Situated

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VELAZQUEZ, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br>v.<br><br>TEK-COLLECT INCORPORATED d/b/a TEKCOLLECT, INC.,THE ORAL SURGERY & DENTAL IMPLANT SPECIALIST OF SAN DIEGO; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. **'20CV0487 AJB AHG**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATION OF:**<br><br>**(1) The Fair Debt Collection Practices Act 15 U.S.C. § 1692 et seq.; and**<br><br>**(2) The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff Maria Velazquez individually and on behalf of all others similarly situated, brings this Class Action Complaint by and through attorney THE LAW OFFICES OF ANDREW P RUNDQUIST, in its claim for damages against Defendant TEK-COLLECT INCORPORATED d/b/a TEKCOLLECT, INC., ("Tek-Collect") and

1

THE ORAL SURGERY & DENTAL IMPLANT SPECIALIST OF SAN DIEGO ("Dental Specialist") and DOES 1 through 10, inclusive.

## I. INTRODUCTION

1. This is a consumer action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, et. seq., and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 et seq (hereinafter "RFDCPA") which prohibit debt collectors from engaging in abusive, deceptive and unfair practices. Congress intended the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure those debt collectors who do refrain from using abusive debt collection practices are not competitively disadvantaged and to promote consistent State action to protect consumers against debt collections abusers.

## II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k(d). Supplemental jurisdiction exists for the state law claims, if any, pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201, 2202.

3. This action arises out of Defendants' violations of the FDCPA, 15 U.S.C. § 1692, et. seq. While many of the violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. Venue is this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d) in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## III. PARTIES

**Plaintiff Maria Velazquez.**

5. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

6. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h) and "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

**Defendant Dental-Specialist**.

7. Defendant Dental-Specialist provided medical treatment to Plaintiff and thereby extended credit for the receipt of medical services; Defendant Dental-Specialist is a "creditor" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(4) and California Civil Code § 1788.2(i).

8. Dental-Specialist is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because Dental-Specialist is a "creditor who, in the process of collecting his own debts, uses any name other than his own which would indicated that a third person is collecting or attempting to collect such debts." 15 U.S.C. § 1692a(6).

9. Dental-Specialist is one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of and California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

10. As a partnership, corporation, limited liability company, or other similar entity, Dental-Specialist is a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

**Defendant Tek-Collect**.

11. Defendant Tek-Collect is, and at all times mentioned herein was, a corporation whose State of Incorporation and principal place of business is in the State

3

of Ohio.

12. Defendant Tek-Collect, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a "debt collector" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. § 1692a(6).

13. Defendant Dental-Specialist engaged Defendant Tek-Collect to a send form letter dated December 28th, 2019 to Plaintiff instructing Plaintiff to pay Defendant Dental-Specialist.

14. Defendant DOE is an unknown individual or business entity engaged in the business of collecting defaulted consumer debt in this state. The true name of Defendant DOE is unknown to Plaintiff at this time and Plaintiff therefore sues said Defendant by such fictitious name. Plaintiff is informed and believes, and thereon alleges, that at all relevant times, Defendant DOE was an individual, limited liability company, corporation or business entity of unknown form that has resided in, has done or is doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious name of Defendant DOE with the true name when Plaintiff discover it. Plaintiff is informed and believes, and thereon alleges, that Defendant DOE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).   Plaintiff is informed and believes, and thereon alleges, Defendant DOE is vicariously liable to Plaintiff for the acts of Defendant.

## IV.  FACTUAL ALLEGATIONS

A.  <u>Defendants' Threaten to Subject Plaintiff to Non-Existent and Fabricated Financial Audit Review</u>.

15. On or about October 25th, 2018, Plaintiff is alleged to have incurred a financial obligation to Defendant Dental Specialists of San Diego.

16. The alleged debt was incurred primarily for personal, family or household

purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer debt" as that term is defined by Cal. Civil Code § 1788.2(f).

17. On December 28th, 2019 Dental Specialist dispatched a letter demanding payment of $487.00 regarding services it rendered to Plaintiff in October 2018.

18. The December demand letter stated

"[A]ccounts past due are automatically forwarded to **Tek-Collect, Inc. Audit Department** for review and next steps."

19. "Tek-Collect Incorporated" is an Ohio for profit corporation; "**Tek-Collect, Inc. Audit Department**" is non-existent.

20. Tek-Collect drafted the December 28th, 2019 demand letter.

21. Tek-Collect drafted and approved the prohibited statement "**Tek-Collect, Inc. Audit Department**", as detailed in the December 28th, 2019 Demand Letter.

22. December 28th, 2019 demand letter prominently contains Tek-Collect's Ohio mailing address:

> Patient Billing Services
> The Oral Surgery & Dental Implant Specialist of San Diego
> P.O. Box 1269
> Columbus, OH 43216

23. Defendants utilized non-existent "**Tek-Collect, Inc. Audit Department**" to compel Plaintiff to pay the alleged debt more quickly in hopes to avoid purported "review and next steps" by a fabricated "Audit Department."

24. Defendants knew the "Audit Department" would create a false belief in Plaintiff the only way to avoid the "Audit Department" impermissibly reviewing her personal medical records would be to submit immediate payment.

25. Defendants knew Plaintiff would construe "automatically forwarded" to "Audit Department" to reflect a financial professional's judgment her purported debt was delinquent, when in fact a financial professional had in fact not made such assessment.

26. Tek-Collect allowed Dental Specialist to impersonate and replicate a non-existent and fabricated entity; the significance of such impersonation is that Plaintiff thinks referral to "<u>Audit Department</u>" is unavoidable and activity of "<u>Audit Department</u>" has at least colorable merit.

27. At no time after December 28th, 2019, did Dental Specialist forward Plaintiff's account to Tek-Collect.

28. At no time after December 28th, 2019 did Dental Specialist forward Plaintiff's account to **Tek-Collect, Inc. Audit Department**.

B.   <u>Defendants' "Audit Department" Reference Historically Subject to FTC Consent Orders</u>.

29. In *In re London Credit & Discount Corp.,* 78 FTC 541 (1971) (consent order), debt collectors sent letters purporting to be connected with auditing procedures. The collectors were enjoined from "Representing, directly or by implication, that any letter, demand, inquiry or other communication originated by respondents was originated by an independent auditing or any other person, firm or corporation."

30. In *re Marjorie P. Ingram*, 67 FTC 1065 (1965), collectors were enjoined from falsely "[r]epresenting, directly or by implication, that the respondents are engaged in the business of auditing the accounts and records of others." (67 FTC at 1072)

31. *Opinion of the Attorney General of the State of Arizona*, 77-174, 1977 Ariz. AG LEXIS 66 (Sept. 5, 1977), finding it improper for a collection agency to send out documents entitled "Audit Verification."

C.   <u>Defendants Violated the FDCPA</u>.

32. The December demand letter is a "communication" in an attempt to collect a debt as defined by 15 U.S.C. § 1692a(2) and Defendant's "initial communication" per 15 U.S.C. § 1692g(a).

33. The December demand letter was "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

34. By including such language detailed in ¶¶18-28, Defendants violated 15 U.S. Code § 1692d

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

35. By including such language detailed in ¶¶18-28, Defendants used a false, deceptive, or misleading means in connection with the collection of Plaintiff's alleged debts; thereby Defendants violated 15 U.S.C. § 1692e and following subsections:

(1) The false representation or implication that the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof.

(2) The false representation of—
 (A) the character, amount, or legal status of any debt; or
 (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(6) The false representation or implication that a sale, referral, or other transfer of any interest in a debt shall cause the consumer to—
 (A) lose any claim or defense to payment of the debt; or
 (B) become subject to any practice prohibited by this subchapter.

(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer.

(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

(9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

(12) The false representation or implication that accounts have been turned over to innocent purchasers for value.

(14) The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

36. By including such language detailed in ¶¶18-28, Defendants violated 15 U.S. Code § 1692f

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

37. By including such language detailed in ¶¶18-28, Defendants violated 15 U.S. Code § 1692j(a)

> It is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a person other than the creditor of such consumer is participating in the collection of or in an attempt to collect a debt such consumer allegedly owes such creditor, when in fact such person is not so participating.

D. <u>Defendants Violated the RFDCPA including Civ. Code §§ 1788.17 and 1788.30</u>

    i. **Defendants violated Civ. Code § 1788.17 and is Subject to the Remedies in 15 U.S.C. § 1692k.**

38. Section 1788.17 of the Rosenthal Act was added to harmonize state and federal law by applying federal debt collection standards and remedies to all parties defined as debt collectors under California law. *Timlick v. Natl. Enterprise Systems, Inc.* (2019) 35 Cal.App.5th 674, 687-688. Defendant, as a debt collector under California law, thus had a duty at all times to comply with the requirements of 15 U.S.C. §§ 1692b – 1692j and is subject to the remedies described in § 1692k. *Davidson v. Seterus, Inc.* (2018) 21 Cal.App.5th 283, 295; Civ. Code § 1788.17.

39. Because Defendants violated 15 U.S.C. §1692d, Defendants also violated Cal. Civ. Code § 1788.17.

40. Because Defendants violated 15 U.S.C. §§ 1692e, Defendants also violated Cal. Civ. Code § 1788.17.

41. Because Defendants violated 15 U.S.C. § 1692f, Defendants also violated Cal. Civ. Code § 1788.17.

42. Because Defendants violated 15 U.S. Code § 1692j(a), Defendants violated Cal. Civ. Code § 1788.17.

    ii. **Defendants Violated Civ. Code § 1788.30.**

43. By including such language detailed in ¶¶18-28, Defendants violated Cal. Civ. Code §§ 1788.10

> No debt collector shall collect or attempt to collect a consumer debt by means of the following conduct:
>
> (b)     The threat that the failure to pay a consumer debt will result in an accusation that the debtor has committed a crime where such accusation, if made, would be false;
>
> (c)     The communication of, or threat to communicate to any person the

fact that a debtor has engaged in conduct, other than the failure to pay a consumer debt, which the debt collector knows or has reason to believe will defame the debtor;

(e) The threat to any person that nonpayment of the consumer debt may result in the arrest of the debtor or the seizure, garnishment, attachment or sale of any property or the garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector and permitted by the law; or

(f) The threat to take any action against the debtor which is prohibited by this title.

44. By including such language detailed in ¶¶18-28, Defendants violated Cal. Civ. Code §§ 1788.13

No debt collector shall collect or attempt to collect a consumer debt by means of the following practices:

(a) Any communication with the debtor other than in the name either of the debt collector or the person on whose behalf the debt collector is acting;

(d) The representation that any debt collector is vouched for, bonded by, affiliated with, or is an instrumentality, agent or official of any federal, state or local government or any agency of federal, state or local government, unless the collector is actually employed by the particular governmental agency in question and is acting on behalf of such agency in the debt collection matter;

(h) The false representation that collection letters, notices or other printed forms are being sent by or on behalf of a claim, credit, audit or legal department;

(i) The false representation of the true nature of the business or services being rendered by the debt collector;

(j) The false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made; and

    (k)    The false representation that a consumer debt has been, is about to be, or will be sold, assigned, or referred to a debt collector for collection.

45.    By including such language detailed in ¶¶18-28, Defendants violated Cal. Civ. Code § 1788.16

> It is unlawful, with respect to attempted collection of a consumer debt, for a debt collector, creditor, or an attorney, to send a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued, or approved by a governmental agency or attorney when it is not. Any violation of the provisions of this section is a misdemeanor punishable by imprisonment in the county jail not exceeding six months, or by a fine not exceeding two thousand five hundred dollars ($2,500) or by both.

## V.    CLASS ALLEGATIONS

46.    Plaintiff incorporates by reference all of the preceding paragraphs of this Complaint as though fully set forth herein.

47.    Plaintiff brings this action on behalf of herself and all other similarly situated residents of California as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

48.    Plaintiffs define **Class 1** as:

(i) all persons with addresses within the United States;

(ii) similar or identical to Defendants' December 28th, 2019 Demand Letter;

(iii) to recover a consumer debt;

(iv) and which were not returned undelivered by the United States Postal Service.

For purposes of the First Claim for Relief, the FDCPA Claim, the class period is one year prior to the filing of this Complaint. For purposes of the Second Claim for Relief, the RFDCPA Claim, the class period is one year prior to the filing of this Complaint.

49. Excluded from the Class are: Defendant, its officers, directors and employees, and any entity in which Defendant has a controlling interest, the agents, affiliates, legal representatives, heirs, attorneys at law, attorneys in fact or assignees thereof.

50. Throughout discovery in this litigation, Plaintiff may find it appropriate and/or necessary to amend the definition of the Class. Plaintiff will formally define and designate a class definition when they seek to certify the Class alleged herein.

51. **Numerosity**. The members of the defined class are so numerous that individual joinder of all Class Members is impracticable. Plaintiff is informed and believes, and on that basis, alleges there are hundreds of members in the Class, although the precise size of the Class has not yet been ascertained. Upon information and belief, the identities of Class Members are readily discernible using information contained in records in the possession or control of Defendants.

52. **Commonality.** Class-wide common questions of law and fact exist and predominate over questions affecting only individual Class members. Common questions include, but are not limited to:

   a) Whether Defendants' conduct violated the FDCPA;
   b) Whether Defendants' conduct violated the RFDCPA;
   c) Whether members of the Classes are entitled to the remedies under the FDCPA;
   d) Whether members of the Classes are entitled to the remedies under the RFDCPA;
   e) Whether members of the Classes are entitled to injunctive relief;
   f) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the FDCPA;

g) Whether members of the Classes are entitled to an award of reasonable attorneys' fees and costs of suit pursuant to the RFDCPA; and,

h) Whether Defendants can satisfy the bona fide error affirmative defense.

i) Whether members of the Classes are entitled to declaratory relief;

53. **Typicality**. Plaintiff's claims are typical of the claims of the class. She was subjected to the same violations of state and federal law and seeks the same types of damages, penalties, and other relief on the same theories and legal grounds as the members of the class she seeks to represent.

54. **Adequacy of Representation**. Plaintiff is an adequate representative of the Class because (a) his interests do not conflict with the interests of the individual Class members he seeks to represent; (b) he has retained counsel who is competent and experienced in complex class action litigation; and (c) he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

55. **Superiority of Class Action**. A class action is superior to other available means for the fair and efficient adjudication of the claims of Plaintiff and the Class. Each Class Member has been damaged and is entitled to recovery due to Defendants' unlawful and unfair practices set forth above. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

56. This case is maintainable as a class action under Fed. R. Civ. P. 23 (b)(2) because Defendants acted or refused to act on grounds that apply generally to the class, so that final injunctive or declaratory relief is appropriate respecting the class as a whole.

57. Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because question of law and fact common to the proposed Class predominate over any question

affecting only individual members of the proposed Class, and because a class action is superior to other available methods for fair and efficient adjudication of this litigation. Many Class Members' individual claims are too small to practically permit pursuit on an individual basis, even though the Class Members' rights have been violated by Defendants' practices. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments against Defendants' practices.

58. The Class is ascertainable because its members can be determined from Defendant's business records and/or the above definition of Class is sufficient to enable Class Members to identify themselves as Class Members.

59. Plaintiffs' claims are typical of the claims of the Classes, which all arise from the same operative facts involving unlawful collection practices.

60. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with Federal and State Law. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual FDCPA action are $1,000.00 and an additional $1,000.00 under the RFDCPA.

61. Defendant has acted on grounds generally applicable to the class, thereby making appropriate final declaratory relief with respect to the class as a whole.

62. Plaintiffs request certification of a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for equitable relief.

### VI.   COUNT I:
### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

63. Plaintiff brings the first claim for relief against Defendants under the

Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

64. Plaintiffs repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. Each Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

66. Each Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a (6).

67. The financial obligation alleged to be owed by each Plaintiff is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

68. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

69. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT II:
## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
## Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

70. Plaintiffs brings the second claim for relief against Defendants under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§1788-1788.33.

71. Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

72. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act.

73. Each Plaintiff is a "debtor" as defined by the RFDCPA, Cal. Civil Code §§

1788.2(h).

74. Each Defendant is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

75. The financial obligation alleged to be owed by each Plaintiff is a "consumer debt" as defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

76. As a result of each and every violation of the Rosenthal Act, each Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendants as follows:

### Fair Debt Collection Practices Act

- This action be certified as a class action on behalf of the Classes as requested herein;
- Plaintiffs be appointed as representative of the Classes;
- Plaintiffs' counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### Rosenthal Fair Debt Collection Practices Act

- This action be certified as a class action on behalf of the Classes as requested herein;
- Plaintiffs be appointed as representative of the Classes;
- Plaintiffs' counsel be appointed as counsel for the Classes;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), for each plaintiff and putative class member;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), for each plaintiff and putative class member;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

Dated: March 14th, 2020

Law Office of Andrew P Rundquist

By: /s/ Andrew P Rundquist
Andrew P Rundquist, Esq.
Attorney for Plaintiffs